# Exhibit A

## IN THE IOWA DISTRICT COURT
## IN AND FOR VAN BUREN COUNTY

| | | |
|---|---|---|
| **KAREN SUE MARSHALL** | ) | **NO. LALA000988** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORIGINAL NOTICE** |
| | ) | |
| **ONEMAIN FINANCIAL** | ) | |
| **OF AMERICA, INC.** | ) | |
| | ) | |
| Defendant. | ) | |

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby notified that there is now on file in the office of the clerk of the above court, a petition in the above-entitled action, a copy of which is attached hereto. The plaintiff's attorney is Paul D. Gandy of GANDY LAW OFFICES, P.C., whose address is 500 North 3rd Street, Ste. 110, Fairfield, Iowa, 52556. That attorney's telephone number is (641) 472-7762; facsimile number is (641) 472-7732.

You are further notified that unless, within 20 days after service of this original notice upon you, you serve, and within a reasonable time thereafter file, a written special appearance, motion or answer, in the Iowa District Court for Wapello County, at the county courthouse in Ottumwa, Iowa, judgment by default will be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in Court because of a disability immediately call your District ADA Coordinator at (641) 684-6502. If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.

IMPORTANT: You are advised to seek legal advice at once to protect your interests.

1

# STATE OF IOWA JUDICIARY

*Case No.* **LALA000988**

*County* **Van Buren**

*Case Title* **MARSHALL VS. ONEMAIN FINANCIAL OF AMERICA, INC.**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (641) 664-6502 . (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942.)

*Date Issued* **04/12/2017 04:25:14 PM**



*District Clerk of* Van Buren          *County*

**/s/ Keri Halbrook**

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT
## IN AND FOR VAN BUREN COUNTY

| | | |
|---|---|---|
| **KAREN SUE MARSHALL** | ) | NO. _LALA000988_ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PETITION AT LAW** |
| vs. | ) | **AND DEMAND FOR JURY TRIAL** |
| | ) | |
| **ONEMAIN FINANCIAL** | ) | |
| OF AMERICA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

May it please this Honorable Court. COMES NOW Paul D. Gandy, Attorney at Law of GANDY LAW OFFICES, P.C., as counsel for the Plaintiff, Karen Sue Marshall, and for cause of action for numerous violations of the Telephone Consumer Protection Act, Iowa Debt Collection Practices Act and related common law state to the court as follows:

### SUMMARY

1.      For over a four month period, from around June 30, 2016, to at least sometime in November 2016, the Defendant, OneMain Financial of America, Inc.[1] ("OneMain Financial" or "OneMain")–a wholly owned subsidiary of OneMain Holdings, Inc. and its agents repeatedly telephoned Mrs. Marshall by automated dialer

---

[1] OneMain Financial of America, Inc. *See* http://investor.onemainfinancial.com/Cache/1500096085.PDF?O=PDF&T=&Y=&D=&FID=1500096085 &iid=4405478. Page 188. Last viewed on April 8, 2017.

1

to her cell phone[2] in attempts to collect on debt, despite her informing OneMain from the first of these calls, and repeatedly thereafter, that legal counsel represented her; despite Mrs. Marshall offering her counsel's name and contact information to the callers; and despite Mrs. Marshall instructing OneMain from the first of these calls not to call her:

2.      Even after Mrs. Marshall informed OneMain Financial that an attorney represented her with regard to the debt owed to OneMain, and that OneMain Financial was to contact her attorney and not her, OneMain Financial continued to telephone Mrs. Marshall directly, to her cell phone. OneMain Financial would harass Mrs. Marshall by sometimes calling her back on the same day, even after she hung up the telephone.

3.      OneMain made repeated and continuous calls, communicated with Karen Marshall when it knew an attorney represented her and knew the attorney's name and address, or could easily ascertain that information, called at times known to be inconvenient, intruded upon Mrs. Marshall's privacy and seclusion, and exacerbated her health problems.

4.      As a result of OneMain's unlawful acts, Karen Marshall has suffered damages, including but not limited to,

---

[2] "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct.740, 751 (2012) *quoting* Senator Hollings, the sponsor of the federal Telephone Consumer Protection Act.

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

- increased depression
- back spasms
- anger
- anxiety
- appetite gain, overeating
- intimidation, a feeling of being bullied
- chest tightness
- chronic pain,
- chronic fatigue
- concentration loss
- crying
- fear of answering the phone
- embarrassment with friends
- embarrassment with family
- fatigue
- frustration

- guilt feelings
- feelings of helplessness
- increased hypertension
- humiliation
- loss of self-esteem
- increase in use of prescription medications
- nervousness
- shame
- sleep increase
- feelings of worthlessness
- worry
- loss of privacy
- feeling of being overwhelmed

5.     OneMain engages in a business plan and practice of repeated, intrusive, harassing telephone calls–refusing to cease contacting consumers represented by legal counsel, and was on notice of these wrongful practices[3]. *Marshall v. One Main Financial, Inc.*, LALA000953 (Iowa District Court, Van Buren County, June 11, 2015), *Mulryan v. OneMain Financial Services Inc.*, 1:15-cv-01267-WTL-MJD (U.S. Dist. Ct. S.D.IN, August 11, 2015), *Ayres v. OneMain Financial*, 14-cv-00084-DW (U.S. Dist. Ct. W.D. WI, April 28, 2014)(TCPA violations, failure to cease and desist, etc.), *Oswald v. OneMain Financial*, 14-cv-01179-CRE (U.S. Dist. Ct. W.D. PA, September 3, 2014)(155 telephone calls to someone represented by legal counsel).

---

[3] The *Consumer Financial Protection Bureau* has received over 1200 hundred complaints about the debt collection practices of various OneMain Holding, Inc. affiliates, including OneMain Financial of America, Inc. since 2012. *See* https://data.consumerfinance.gov/dataset/Consumer-Complaints/s6ew-h6mp. Last viewed on April 10, 2017.

6.      OneMain's officers, directors and or managing agents authorized, approved or ratified these wrongful practices; and are guilty of malice, ill will, oppression, or fraud. OneMain's actions were arrogant, willful, wanton, reckless, negligent, intentional, deliberate, contrary to its known obligations to Mrs. Marshall, and in total disregard for her rights and safety.

7.      Therefore, the Plaintiff, Karen Marshall brings claims under:

- the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C § 227;
- the Iowa Consumer Credit Code - Iowa Debt Collection Practices Act, Code of Iowa Chap. 537.7101, *et seq.* ("Iowa Code §537.7101____" or "IDCPA")[4];
- the Iowa common law right to privacy set forth in *Yoder v. Smith*, 112 N.W. 2d 862 (Iowa 1962) and *Winegard v. Larsen*, 260 N.W. 2d 816 (Iowa 1977) and their progeny;
- for negligence; and
- negligent training and supervision.

## COUNT 1

### A.      PARTIES, JURISDICTION, and VENUE

### (1) Defendant OneMain Financial of America, Inc.

8.      Headquartered in Evansville, Indiana, Defendant OneMain Financial of America, Inc. is one of many wholly owned subsidiaries of OneMain Holding Inc. OneMain Financial is licensed to conduct business in the state of Iowa. Other

---

[4] "The Iowa Supreme Court looks to cases construing the FDCPA for guidance." *Liles v. America Corrective Counseling Services*, 131 F. Supp.2d 1114, 1120 (S.D. Iowa, 2011) *citing Van Blaricome.* "We look to federal courts' interpretations of the analogous Federal Fair Debt Collection Practices Act..." *Public Finance Co. v. Van Blaricome*, 324 N.W.2d 716, 625 (Iowa, 1982).

OneMain Holding subsidiaries are licensed to conduct business in other states. The parent company, OneMain Holdings, Inc. is a public company, traded on the New York Stock Exchange under symbol "OMF". In its U.S. Securities and Exchange Commission Form 10-k, OneMain Holding declares it is "one of the nation's largest consumer finance companies"[5], providing "origination, underwriting and servicing of personal loans, primarily to non-prime customers". At December 31, 2016, OneMain Holding had "$13.6 billion of personal loans due from 2.2 million customer accounts across 44 states" encompassing a network of over 1,800 brick and mortar branches. "To put this in perspective, 87% of Americans live within driving distance of one of our branches. We believe that no other U.S. financial institution has greater coverage of the country's population, including the largest U.S. banks."

9.     On its website, OneMain Holdings, Inc. boasts of its commitment to its customers, proclaiming[6]:

We commit to you:

- Treat you with dignity, honesty, and integrity

- Deliver an outstanding customer experience[7]

---

[5] *See* http://investor.onemainfinancial.com/Cache/1500096085.PDF?O=PDF&T=&Y=&D=&FID=1500096085&iid=4405478. Page 6. Last viewed on March 28, 2017.

[6] *See* https://www.onemainfinancial.com/about-us/customer-commitment. Last viewed on March 20, 2017.

[7] Yet, "OneMain is another company that relies on security interests in personal property or vehicles for many of its loans. ...

E-FILED 2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

- Work with you in times of temporary hardship

10.    For Fiscal Year 2015, the compensation for OneMain Holdings, Inc. President and Chief Executive Officer, Jay Levine was $10,742,046.00.[8] As of December 31, OneMain had over 10,100 employees.[9]

### (2) Plaintiff, Karen Sue Marshall

11.    Plaintiff Karen Sue Marshall is a natural person and resident of Van Buren County, Iowa, population about 7,500.[10] She is 60 years old and a widower, having lost her husband in 2016. She has two sons and two grandchildren. Mrs. Marshall graduated from Harmony High School in 1975, in a graduating class size of about 40. She achieved an Associates of Arts Degree from Southeastern Community

---

Although OneMain's nominal interest rates are generally 36% or lower, OneMain aggressively markets credit insurance through its captive subsidiaries. The addition of credit insurance pushes the full cost of the loans above 36%. ... OneMain relies on [unperfected] security interests in personal property, aggressive debt collection tactics, and in person communications through its storefront locations.

... Requiring consumers to provide a list of personal property is not only an effective tool to convince the borrower to repay, but it also provides the opportunity for the lender to sell credit property insurance, for which the lender earns a commission." *See page 7-8, COMMENT OF CENTER FOR RESPONSIBLE LENDING, NATIONAL CONSUMER LAW CENTER (ON BEHALF OF ITS LOW-INCOME CLIENTS), CONSUMER FEDERATION OF AMERICA, THE LEADERSHIP CONFERENCE ON CIVIL AND HUMAN RIGHTS, NAACP, NATIONAL COUNCIL OF LA RAZA ON BUREAU OF CONSUMER FINANCIAL PROTECTION REQUEST FOR INFORMATION ON PAYDAY LOANS, VEHICLE TITLE LOANS, INSTALLMENT LOANS AND OPEN-END LINES OF CREDIT DOCKET NUMBER CFPB-2016-0026 RIN 3170-AA40 NOVEMBER 7, 2016.*

[8] *See* http://www1.salary.com/ONEMAIN-HOLDINGS-INC-Executive-Salaries.html. Last viewed on March 19, 2017.

[9] *See* http://investor.onemainfinancial.com/Cache/1500096085.PDF?O=PDF&T=&Y=&D=&FID=1500096085&iid=4405478, page 14. Last viewed on March 28, 2017.

[10] *See* https://en.wikipedia.org/wiki/Van_Buren_County,_Iowa. Last viewed March 29, 2017.

E-FILED 2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

College in 1978. Since 1998, Mrs. Marshall has worked for Milestones Area Agency on Aging in Keosauqua, Iowa. She is currently an Area Program Coordinator with Milestones, managing a program throughout Van Buren County, which provides meals to the elderly at site, and delivers to those homebound. Karen "loves her job. I love working with the elderly people. They are nice and kind for the most part. For our homebound meals, we may be the only person they see all day. The majority are widows and widowers."

Many of Karen's blood relations live in the area. Children, grandchildren, cousins and brothers live nearby. Her father lives "down the block. He'll be 92 soon." Karen likes to sew, read, crochet and watch movies. She is a "book junkie", enjoying mysteries best, with favorite authors C.J. Box and Lisa Gardner.

### (3) Jurisdiction and Venue

12.     At all times relevant, OneMain Financial of America, Inc. is a "debt collector" as defined by Iowa Code §537.7102(5).

13.     At all times relevant, Karen Marshall was a "consumer" and a "debtor" as defined by Iowa Code § 537.7102(6).

14.     At all times relevant Mrs. Marshall was a resident of Van Buren County, State of Iowa.

15.     Karen Marshall has the capacity to sue in Iowa.

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

16.    Karen Marshall incurred a "debt" with OneMain Financial, as defined by Iowa Code §537.7102(3).

17.    Each and every communication referred to herein by OneMain Financial with Karen Marshall is a "debt collection" as defined by Iowa Code §537.7102(4).

18.    Each and every communication referred to herein as a telephone call from OneMain was placed by a OneMain representative using an "automated telephone dialing system" as defined by 47 U.S.C. §227(a)(1) or an artificial or prerecorded voice, made to Plaintiff's cellular wireless telephone while she was residing in Iowa, and was an attempt to collect on an alleged debt owed by Plaintiff to Defendant.

19.    Jurisdiction is proper in this court with regard to the state statutory and state common law claims; and is proper under 47 U.S.C. §227(b) with regard to the TCPA claims.

20.    Venue is proper in this court for the state statutory and state common law claims in accordance with Iowa Code §616; and is proper with regard to the TCPA claims in accordance with 47 U.S.C. §227(f).

### B.    COMMON ALLEGATIONS

21.    In November 2015, the Plaintiff and her husband took out a personal loan from OneMain for in excess of $10,000 in an attempt to "get caught up"

8

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

financially. Sadly, Ms. Marshall's husband died suddenly in February 2016. The loss in income soon found her unable to afford payments on the debt to OneMain. Her "whole world had been turned upside down."

22.    On June 29, 2016, Karen Marshall retained the undersigned legal counsel to represent her with regard to the debt to OneMain. The representation included that Mrs. Marshall could—from and including June 29—inform creditors and debt collectors who called her that legal counsel represented her, provide the callers the undersigned's law office name, and telephone number, instruct the caller to stop calling her and instead route any further calls to the undersigned's law office.

23.    On June 30, 2016, Mrs. Marshall first informed OneMain Financial an attorney represented her in response to a call from a OneMain representative. During this call, she provided or attempted to provide to the OneMain representative her attorney's name, address, and telephone number and inform the representative OneMain was to no longer telephone her (revoking any prior consent she may have given to OneMain to call her), but instead to contact the undersigned's law office regarding matters related to OneMain. After reading a prepared statement to the OneMain representative, Mrs. Marshall hung up the telephone.[11]

---

[11] "I have hired a law firm to handle this matter. All inquiries should be directed to that firm. No further calls should be made to me, at home or at work. The law firm is Gandy Law Offices. Their telephone number is (641) 472-7762. I am aware of my rights under the federal Fair Debt Collections Practices Act and the Iowa Consumer Credit Code. Thank you." *See* Exhibit 1 *Creditor Call Matrix*. Copyright ©GANDY LAW OFFICES, P.C.

9

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

24.    Nevertheless, OneMain persisted. Despite acknowledged notice, OneMain Financial proceeded to call Karen Marshall on her cell phone numerous times over a period of at least two and 1/2 more months after its June 30 call to her. Mrs. Marshall continued to relay or attempt to relay the information that an attorney represented her, to provide or attempt to provide to the OneMain representative the attorney's name, address, and telephone number and inform the representative that they were to no longer to telephone her, but instead to contact her attorney.

25.    In response to Karen Marshall's attempts to relay her attorney's contact information to the OneMain Financial representative calling her, the caller would often ignore Mrs. Marshall's notice and sometimes speak over her.

26.    Several times the OneMain Financial representative would call Mrs. Marshall more than once in a day, starting at 8 a.m. and ending at approximately 6 p.m.

27.    Calls from OneMain Financial and its representatives to Karen Marshall took place at least on the following days in 2016: June 30, July 5, July 6, August 8, September 2 and at least one call sometime in November 2016.

28.    Plaintiff is not sure how many times OneMain called her. However, she believes OneMain would possess this information. In addition, OneMain stated in each call the Plaintiff heard that OneMain was recording the call.

10

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

29.    The repeated calls from OneMain Financial and its representatives, assignees, and agents caused Karen Marshall a number of problems.

### C.    ONEMAIN FINANCIAL IS AN ESTABLISHED, SOPHISTICATED, KNOWLEDGEABLE CREDITOR

30.    OneMain Financial is an established[12], sophisticated multi-billion dollar financial institution with knowledge of Iowa statutes and common law related to restrictions on debt collection.

31.    OneMain Financial has an obligation to comply with all applicable rules and statues when attempting to collect debts in the state of Iowa.

32.    OneMain Financial's actions were arrogant, willful, wanton, reckless, negligent, intentional, deliberate, contrary to its known obligations to Karen Marshall, and in total disregard for her rights and safety.

### COUNT 2
### FEDERAL STATUTORY VIOLATION – TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §227(b)(1)

By reference, Plaintiff Karen Marshall incorporates the above paragraphs, and pleading further against OneMain Financial, states as follows:

33.    Once Plaintiff on June 30, 2016, provided or attempted to provide to the OneMain representative who was calling Plaintiff on her cell phone the undersigned's name, address, and telephone number and inform the representative to no longer

11

telephone the Plaintiff, but instead to contact the undersigned as her attorney in regard to the referenced debt she had with Defendant, thereafter each and every one of the telephone calls OneMain placed to Plaintiff's cell phone was a willful and knowing violation of the TCPA, 47 U.S.C. §227(b)(1).

34.   Plaintiff did not consent to these subsequent calls and OneMain had no privilege to communicate directly with her.

35.   OneMain has willfully or knowingly violated the TCPA and the regulations promulgated thereunder in 47 C.F.R.64.1200.

36.   As such, Plaintiff is entitled to recovery.

37.   **WHEREFORE,** Plaintiff Karen Marshall respectfully requests that the court give such notice and hearing as it may direct and grant Plaintiff the following relief:

A.   A finding that each and every one of OneMain's telephone calls from June 30, 2016 (after the first call referred to above), to Plaintiff's cell phone was a willful and knowing violation of the TCPA, 47 U.S.C. §227(b)(1);

B.   $1500 (fifteen hundred dollars) in damages for each violation, which is each call;

C.   Pre-judgment and post-judgment interest; and

---

[12] *See* Paragraph 8.

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

D.    Such other and further relief as the court may deem just and proper.

## COUNT 3
## IOWA DEBT COLLECTION PRACTICES ACT

By reference, Plaintiff Karen Marshall incorporates the above paragraphs, and pleading further against OneMain Financial, states as follows:

38.    OneMain Financial's acts and omissions violated the Iowa Debt Collection Practices Act, including but not limited to the following violations:

A.    A debt collector shall not oppress, harass or abuse any person in connection with the collection or attempted collection of a debt of that person or another person.

B.    A debt collector may not place telephone calls to the debtor without disclosure of the name of the business or company the debt collector represents.

C.    A debt collector cannot cause a telephone to ring or engage a person in telephone conversation repeatedly or continuously or at unusual hours or times know to be inconvenient, with intent to annoy, harass or threaten a person.

D.    A debt collector shall not use a fraudulent, deceptive or misleading representation or means to collect or attempt to collect a debt, including the use of a business, company or organization name, other than the true name of the debt collector's business.

13

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

E.     A debt collector shall not contact the debtor when the debt

collector knows an attorney represents the debtor.

39.   As a result of OneMain Financial's unlawful acts, Karen Marshall has

suffered damages as described above.[13]

40.   **WHEREFORE**, Karen Marshall respectfully requests that the court give

such notice and hearing as it may direct and grant her the following relief:

A.     A finding that OneMain Financial is a creditor within the meaning

of the Iowa Consumer Credit Code - Iowa Debt Collection Practices Act, and

that it acted repeatedly in violation of that statute;

B.     An award of statutory damages of and actual damages - including

the attorney's fees and costs associated with prosecuting this action - for each

violation of the Iowa Debt Collection Practices Act under §537.5201(1)(y);

C.     Such other and further relief as the Court may deem just and

proper.

## COUNT 4

## STATE COMMON LAW VIOLATION – INTRUSION UPON PRIVACY

By reference, Plaintiff Karen Marshall incorporates the above paragraphs, and

pleading further against OneMain Financial, states as follows:

---

[13] "Emotional distress is an actual injury .... Legitimate human emotions are brought to bear when one's rights are trampled on." *Holden v. IRS (In re Holden)*, 226 B.R. 809, 812 (Bankr.VT.1998). Emotional distress may be proven by the plaintiff's own testimony. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1181-83 (10th Cir. 2013). Lay testimony alone can support actual damages. *Dawson v. Washington Mutual Bank, F.A.*, 390 F.3d 1139, 1149-1151 (9th Cir. 2004).

14

E-FILED 2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

41.    The Iowa Supreme Court recognizes several tort actions grouped together under the title of invasion of privacy. Among these is the tort of intrusion upon privacy. See *Yoder v. Smith*, 112 N.W. 2d 862 (Iowa 1962) and *Winegard v. Larsen*, 260 N.W. 2d 816 (Iowa 1977).

The Iowa common law right to privacy set forth in *Yoder* and *Winegard* includes the unreasonable intrusion upon seclusion. "This form of invasion of privacy generally requires the Plaintiff to establish two elements. The first element requires an intentional intrusion into a matter the Plaintiff has a right to expect privacy ...The next element requires the act to be 'highly offensive to a reasonable person'..." *Koeppel v. Spears*, 33 IER Cases 389, 808 N.W.2d 177, 181 (Iowa 2011) quoting *Winegard* at 822 and *citing Stessman v Am. Black Hawk Broad. Co.*, 416 N.W.2d 685,686 (Iowa 1987).

42.    Once Karen Marshall informed OneMain Financial that an attorney represented her, each of the subsequent telephone calls by a OneMain representative or its agent to Karen Marshall was an act that constituted a highly offensive intrusion into Mrs. Marshall's personal affairs.

43.    Mrs. Marshall did not consent to these subsequent calls and OneMain Financial had no privilege to communicate directly with her.

44.    As a result of OneMain Financial's unlawful acts, Karen Marshall has suffered damages as described above.

15

45.   OneMain Financial's actions rise to Iowa's common law definition of unlawful intrusion upon privacy.

46.   OneMain Financial acted with oppression, and or malice, thereby entitling Karen Marshall to punitive damages in an amount to be determined at trial. OneMain Financial acted in a despicable manner and acted with a conscious disregard for the rights of Karen Marshall.

47.   As such, Karen Marshall is entitled to recovery.

## COUNT 5
## NEGLIGENCE

By reference, Plaintiff Karen Marshall incorporates the above paragraphs, and pleading further against OneMain Financial, states as follows:

48.   OneMain Financial's outrageous, abusive and intrusive acts as described herein constitute negligence. OneMain Financial negligently inflicted emotional distress. OneMain Financial breached a duty imposed by law and contract. OneMain Financial owes Mrs. Marshall a duty to refrain from unlawful debt collections and unlawful telephone contact. The breach of such duty proximately caused injury to Mrs. Marshall. The injury resulted from an occurrence of which these statutes were designed to protect.

49.   Mrs. Marshall is a member of the class of persons these statutes were designed to protect.

16

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

50.     OneMain Financial's s conduct, as described herein, was wrongful conduct in that OneMain Financial conducted its business in an abusive, oppressive, and harassing manner.

51.     OneMain Financial's wrongful conduct as described herein actually and proximately caused Karen Marshall severe and serious emotional distress as described above.

52.     It is clearly foreseeable that OneMain Financial's actions as described herein could cause harm, including severe and serious emotional distress.

53.     OneMain Financial's actions and omissions constitute telephone harassment prohibited by Iowa Code Chapter 708.7.1a. wherein is stated "a person commits harassment when, with intent to intimidate, annoy, or alarm another person; the person does any of the following: (1) Communicates with another person by telephone, telegraph, and writing or via electronic communication without legitimate purpose and in a manner likely to cause the other person annoyance or harm."

54.     OneMain Financial's failure to comply with a statutory duty constitutes negligence *per se*.

55.     As direct proximate cause of OneMain Financial's negligence Karen Marshall suffered damages as described above

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

56.     OneMain Financial acted with oppression, and or malice, thereby entitling Karen Marshall to punitive damages in an amount to be determined at trial. OneMain Financial acted in a despicable manner and acted with a conscious disregard for the rights of Mrs. Marshall.

## COUNT 6
### NEGLIGENT TRAINING AND SUPERVISION

By reference, Plaintiff Karen Marshall incorporates the above paragraphs, and pleading further against OneMain Financial, states as follows:

57.     OneMain negligently trained and supervised their employees and agents as to the performance of their job duties and because of such negligent instruction and supervision, their employees and or agents while carrying out their job duties caused injury or damage to Karen Marshall.

58.     As a direct and proximate result of OneMain's unlawful conduct, Karen Marshall has suffered damages in an amount to be determined at trial.

59.     OneMain acted with oppression or malice, thereby entitling Karen Marshall to punitive damages in an amount to be determined at trial. OneMain acted in a despicable manner and with a conscious disregard for the rights of Karen Marshall.

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

## RESPONDEAT SUPERIOR LIABILITY

60.    The acts and omissions of the individual or individuals involved in the telephone calls and attempts to collect at issue, and any other individual employed by OneMain Financial in the attempted collection of the debt Karen Marshall allegedly owed, were committed within the time and space limits of their agency relationship with their principal, OneMain Financial.

61.    Further, these acts and omissions are incidental to, or of the same general nature as the responsibilities OneMain Financial authorized these agents to perform in collecting debts.

62.    By committing these acts and omissions against Karen Marshall, the individual or individuals involved in the telephone calls at issue, and any other individual OneMain Financial employed as an agent, were motivated to benefit their principal, OneMain Financial.

63.    OneMain Financial is therefore liable to Karen Marshall through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions executed in violation of state law by its employees or agents, including but not limited to violations of the TCPA, Iowa Debt Collection Practices Act and related Iowa common law in their attempts to collect the alleged debt from Mrs. Marshall.

64.    **WHEREFORE**, Karen Marshall respectfully requests that the Court give such notice and hearing as it may direct and grant her the following relief:

E-FILED 2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

A.     A finding that OneMain Financial's actions and omissions violated the TCPA and the Iowa Debt Collection Practices Act, that OneMain Financial's actions rise to Iowa's common law definition of unlawful intrusion upon privacy, and that therefore OneMain Financial has unlawfully invaded her privacy; and its actions constitute negligence and negligence per se.

B.     Sanctions, actual and statutory damages, and attorney fees, and costs against OneMain Financial for its unlawful acts;

C.     Punitive damages;

D.     Such other and further relief as the court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

65.     Pursuant to IRCP 1.902(2), Karen Marshall is entitled to and hereby respectfully demands a trial by jury on all issues triable to a jury.

RESPECTFULLY SUBMITTED,

By    /s/ Paul D. Gandy
          Paul D. Gandy
          GANDY LAW OFFICES, P.C.
          500 North 3rd Street, Suite 110
          Fairfield, IA 52556
          Telephone (641) 472-7762
          Facsimile (641) 472-7732
          E-mail pgandy@gandylawoffices.com

          ATTORNEY FOR PLAINTIFF

20

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

# Exhibit 1

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

**EXTREMELY IMPORTANT - (Creditor Call Matrix) HOW TO HANDLE CREDITOR CALLS.**

GANDY LAW OFFICES, P.C.
500 North 3rd ST, STE 110, FAIRFIELD, IA 52556

**LOCALLY AND CREDITOR CALLS AT (641) 472-7762, TOLL FREE FOR CLIENT CALLS ONLY AT 1(888) 874-0289**

Please read first. FEDERAL AND/OR STATE LAW require that creditors and debt collectors stop calling you and direct their calls to our office when you tell them Gandy Law Offices, P.C. is representing you. In addition creditors generally cannot call you before 8 a.m. or after 9 p.m. They must not harass you by using threats of violence or arrest or by using obscene language. They must not use false or misleading statements or call you at work if they know or have reason to know that you may not received personal calls at work. For the most part creditors and debt collectors may not tell another person, other than your attorney or spouse, about your debt. And creditors and debt collectors may contact another person ONCE to confirm your location.

Sometimes, however, creditors or their collection agencies choose to ignore this law. If you keep good notes on the conversations, keep all written correspondence -- including envelopes (as proof of date and sending) - and they consistently violate the law, then, with your permission and agreement, we may take legal action against them on your behalf or on the behalf of the person the creditor contacted about you. We would get paid for this extra work *only if* there is a recovery for you from the creditor or debt collector. (This is why we pick our cases carefully and rely on you to gather evidence.) That means there would be no out pocket cost to you, *and we could recover money from them for you*. So, for your sake, it pays to keep good records of these communications. The form below should make it easy for you to keep records of creditors or debt collectors who contact you at home or work. Forward copies of these completed forms to our office for review as you complete them. Let us know if you need more forms. If you have any questions or concerns, do not hesitate to call. We are here to help.

WHAT TO SAY WHEN A CREDITOR OR DEBT COLLECTOR CALLS YOU:  *"I have hired a law firm to handle this matter. All inquiries should be directed to that firm. No further calls should be made to me, at home or at work.  The law firm is Gandy Law Offices. Their phone number is (641) 472-7762.  I am aware of my rights under the federal Fair Debt Collection Practices Act and the Iowa Consumer Credit Code. Thank you." -- Repeat as necessary.*
(You can tell them Gandy Law Offices, P.C. is representing you AFTER you have paid your retainer fee to begin our representation of you in this regard, and the firm has accepted you as a client.)

(Despite what they may say, you do not need to tell them that you are filing a bankruptcy or any other information that you don't feel comfortable saying.)

| Creditor/Debt Collector Name - if they resist - to get this info ask, "Who would I make the check out to? | Company Name, Address & Telephone No. - if they resist - to get this info ask them, "Where would I send payment? | Who did the Creditor/Debt Collector contact? Was it you or someone else? | Date/Time Called or Received Mail | | What happened? How does this make you feel? |
|---|---|---|---|---|---|
| | | | **HOME** | **WORK** | |
| One Main *[handwritten]* | | me | | Work 1:36 | I read the above statement to them & hung up |
| One Main *[handwritten]* | | me | | 1:59 | Robocall for Karen Marshall press 1 hung up |

%MIDDLE-ROOM\GLO Parent Directory\Master Document Directory\fails Standards and Standard pdfs for CKom\Creditor Call Form Master_FQ_3.9.15.doc THIS IS ATTORNEY WORK PRODUCT.Copyright © GANDY LAW OFFICES, P.C.

Exhibit 1,
Page 1 of 2.

E-FILED  2017 APR 12 2:19 PM VAN BUREN - CLERK OF DISTRICT COURT

| Creditor/Debt Collector Name - if they resist - to get this info "ask, "Who would I make the check out to? | Company Name, Address & Telephone No. - if they resist - to get this info ask them, "Where would I send payment? | Who did the Creditor/Debt Collector contact? Was it you or someone else? | Date/Time Called or Received Mail | | What happened?. How does this make you feel? |
|---|---|---|---|---|---|
| | | | HOME | WORK | |
| 6/30 Recordly one Man | | me | ✓ 656 for cell | | Important because matter of K Marshall If this is her press 1 hung up |
| 7/5 Reordly One Man | | me | 1:31 cell | | " " |
| 7/5 " | | me | 6:1 pm | | " " |
| 7/6 Recordly one Man | | me | 208 pm | | " " |
| 7/6 Recordly One Man | | me | 602 pm | | " " |
| 8/8 One Man | | me | 800 am | | I read the above statement to them & hung up |
| 9/2 One Woman | | me | 730 pm | | " " |

\\MIDDLE-ROOM\GLO Parent Directory\Master Document Directory\web Handouts and Standard pdfs for Clients\Creditor Call Form_Master_Pu_...724 doc THIS IS ATTORNEY WORK PRODUCT. Copyright © GANDY LAW OFFICES, P.C.

9/8 FAB            me            3·36            Read the Statement

Exhibit 1,
Page 2 of 2.